JOURNAL ENTRY AND OPINION
Plaintiff Appellant Holly Bergstrom, Administratrix of the Estate of Daniel Bergstrom (plaintiff), appeals from the trial court's grant of summary judgment to defendant appellee State Farm Fire Casualty Company (State Farm) in an action to recover from a homeowner's policy after the deceased was killed as a result of injuries sustained in an automobile accident. For the reasons set forth below, we affirm.
The facts of this matter are not in dispute. On or about August 12, 1992, plaintiff's decedent, Daniel Bergstrom was involved in a motor vehicle accident with Marvin Friend. Daniel Bergstrom died shortly thereafter from injuries sustained in the accident. At the time of the accident, Marvin Friend was insured against liability under an automobile liability policy of insurance issued by State Farm Mutual Automobile Insurance Company, with limits of $100,000 per person and $300,000 per accident. In exchange or consideration for the payment of $100,000 by State Farm on behalf of Marvin Friend, plaintiff Holly Bergstrom, individually and as the personal representative of the Estate of Daniel Bergstrom, executed a full and final release of all claims in favor of Marvin Friend.
On August 12, 1992, plaintiff Holly Bergstrom had in effect with defendant State Farm Fire Casualty Company (State Farm), a homeowner's policy of insurance, policy number 70-95-4196-8, containing limits of Personal Liability coverage in the amount of $100,000 for each occurrence. The policy period of the homeowner's policy that was in effect at the time of the August 12, 1992 motor vehicle accident, was November 7, 1991 to November 7, 1992. This policy period constituted the eighth consecutive renewal of the policy.
For the purpose of resolving only the coverage issues in the present action, the parties stipulate that the value of the claims being asserted herein by plaintiff's decedent, exceed $100,000. When the homeowner's policy at issue was sold and renewed eight times on a consecutive yearly basis, State Farm did not offer uninsured/underinsured motorist coverage, nor was such coverage rejected by plaintiff Holly Bergstrom.
The policy provides in part:
 SECTION II — LIABILITY COVERAGES COVERAGE L-PERSONAL LIABILITY
If a claim is made or suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 1. Pay up to our limit for the damages for which the insured is legally liable; and
 2. Provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.
SECTION II — EXCLUSIONS
1. Coverage L and Coverage M do not apply to: * * *
 e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
(1) an aircraft;
 (2) a motor vehicle owned or operated by or rented or loaned to any insured; or
(3) a watercraft * * *
 This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured.
 I.
In plaintiff's sole assignment of error, she alleges that the trial court erred in granting summary judgment in favor of State Farm, as plaintiff is entitled to underinsured motorist coverage in the policy issued to her by State Farm. We disagree.
This court reviews the grant of summary judgment de novo, applying the same standard as that applied by the trial judge. Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, 131, 705 N.E.2d 717. A judge may grant a motion for summary judgment pursuant to Civ.R.56 (C) when the following elements are satisfied:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267; accord Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201.
This appeal addresses whether a homeowner's policy that covers use of an automobile by an insured's residence employee necessarily confers uninsured/underinsured (UM/UIM) coverage under R.C. 3937.18 for a decedent insured who died as a result of an automobile accident when the insured is not a residence employee. The State Farm policy language cited above clearly indicates that the policy provided automobile liability coverage to the insured for the use of automobiles by residence employees only. The plaintiff argues that, despite the fact that it is limited to residence employees only, this provision of liability coverage in a homeowner policy which pertains to automobiles and motor vehicles is sufficient to bring the policy within the ambit of R.C. 3937.18. As a result, the plaintiff argues, State Farm was required to offer of UM/UIM motorist coverage to the insured. In failing to offer such coverage, the plaintiff argues, UM/UIM coverage became a part of the policy by operation of law, pursuant to R.C. 3937.18.
R.C. 3937.18 states in relevant part:
 No automobile liability or motor vehicle liability policy of insurance * * * shall be delivered or issued unless * * * the following coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds:
 (1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
Plaintiff also relies on Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, 709 N.E.2d 1161, in arguing that because the policy provides coverage for use of a motor vehicle by residence employees, State Farm must provide UM/UIM coverage under the plaintiff's homeowner's policy.
Selander held:
 The provisions of R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use of hired or non-owned automobiles, but is not issued for delivery with respect to [a] particular motor vehicle.
Id. However, the Supreme Court of Ohio in Davidson v. Motorists Mutual, Ins. Co. (2001), 91 Ohio St.2d 262, 744 N.E.2d 713 expressly noted:
 We never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle.
In regard to coverage for residence employees, this issue was decided by this court in Davis v. Shelby Ins. Co., 2001 Ohio App. LEXIS 2625 (June 14, 2001), Cuyahoga App. No. 78610, unreported, and Hillyer v. State Farm Fire Casualty Co., 2001 Ohio App. LEXIS 3416 (Aug. 21, 2001) Cuyahoga App. No. 79176, unreported. This court analyzed similar policy language and found that:
 It is clear the policy is intended to exclude any coverage for bodily injury occurring in an automobile accident to the insured or his family members. The sole exception to this broad exclusion is coverage provided to a residence employee in the course and scope of that employee's employment.
Brozovic v. State Farm Fire Casualty Co., 2001 Ohio App. LEXIS 4057, (Sept. 13, 2001) Cuyahoga App. No. 79084, unreported. See also Burnett v. AMEX Assurance Co., 2001 Ohio App. LEXIS 4061 (Sept. 13, 2001) Cuyahoga App. No. 79082, unreported.
In this case, decedent was not a residence employee. As such, we find that the plaintiff is not entitled to UM/UIM coverage under her homeowner's insurance policy for injuries sustained as a result of an automobile accident. Therefore, the judgment of the trial court granting summary judgment to State Farm is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR.